UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSE NICOLAS,

    Plaintiff,

v.                                      Case No.:  2:21-cv-499-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**[1]

Jesse Nicolas requests a fee and cost award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 28.)[2] The Commissioner does not object to the relief sought. The Court now grants the motion.

Earlier in this case, the Court entered an order (Doc. 26) reversing and remanding this action to the Commissioner for further administrative proceedings. Thus, under EAJA, Plaintiff moves for an award of $7,757.20 in attorney's fees.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

For Plaintiff to receive a fee and cost award under EAJA, these five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars when the complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds 35.4 hours expended by attorney Erik Berger reasonable. (Doc. 28 at 6-7.)

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first ascertains the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to

adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests an hourly rate of $219.13. (Doc. 28 at 3). After review, this rate appears reasonable.

Plaintiff also filed a Contingent Fee Agreement (Doc. 28-1.) It provides: "I hereby assign my rights in any fees payable to me under the EAJA to my attorneys at OBL." (Doc. 28-1.) But it is acknowledged that after awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a federal debt to the Government. If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees, and the fees will be paid directly to counsel. (Doc. 28 at 5.) Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Plaintiff also seeks $402 in costs for the filing fee. (Doc. 28 at 4.) Under 28 U.S.C. § 2412, and as enumerated in 28 U.S.C. § 1920, that cost is taxable.

It is **ORDERED**:

Plaintiff's Unopposed Petition for EAJA Fees (Doc. 28) is **GRANTED** and the Court awards Plaintiff $7,757.20 in attorney's fees and $402 in costs.

This award will be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

**ORDERED** in Fort Myers, Florida this August 12, 2022.

_____
Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record